UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | June 22, 2011 |
| JUDGE: | Pamela Pepper |
| CASE NO.: | 2011-27240 |
| DEBTOR: | Rennette Ball |
| NATURE OF HEARING: | Motion for relief from the automatic stay and abandonment by Tri City National Bank |
| APPEARANCES: | Sean Cooper - Attorney for the debtor |
| | Todd Nelson - Attorney for Tri City National Bank |
| | M. Yanira Gonzalez-Fernandini - Chapter 7 Trustee |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 10:19 a.m. -10:31 a.m. |
| ADJOURNED DATE: | |

The Court noted that the motion related to real property located on Villard Street. The motion alleged that the loan had matured in December 2010, prior to the petition date. The motion further alleged that the debtor had been in arrears on mortgage payments since April 2010. The debtor's amended objection, filed yesterday, indicated that the debtor planned to surrender all her properties but the property on Villard Street. The trustee's objection stated that the debtor's Schedule A did not list an ownership interest in any real property, but that Schedule D referenced four real properties with mortgages on them, including the Villard Street property. The trustee stated that she could not determine the value of the Villard Street property, or whether there were any other mortgages on it, and thus could not determine whether to object to the motion to abandon.

Counsel for the debtor indicated that he had met with the debtor yesterday, and had filed an updated Schedule A. He stated that the reason the debtor did not list the properties on Schedule A originally was because the debtor had not provided her attorney with all of the information relating to the value of the properties, and the attorney had made a mistake by not listing the properties on Schedule A. The Court questioned why the Mill Road address appeared as the debtor's homestead, when counsel stated that she lived on Villard Street. Counsel stated that the debtor had just recently moved from the Mill Road property to Villard Street. The trustee stated that if the debtor had moved to the Villard Street after the filing of the petition, she would be filing an objection to the homestead exemption. The trustee further stated that she had taken some testimony from the debtor at the § 341 meeting, and that the debtor was supposed to be obtaining a market analysis of the Villard Street property, but that the debtor had not forwarded this analysis to the trustee.

1

Counsel for the creditor added that the loan had matured pre-petition and that the tax bill showed the property's value at $95,000.00, which may be high. He stated that the debtor owed $41,000.00 on the note, with an additional $7,300.00 due for property taxes. Because the trustee had not yet received a market analysis, counsel for the creditor stated that he would withdraw his request for abandonment. He stated, however, that his client still sought relief from the automatic stay. Counsel for the debtor stated that the debtor's parents were considering helping her redeem the property.

The Court indicated that it had no legal basis for denying the motion for relief from the stay. The Court granted Tri City National Bank's motion for relief from the automatic stay. If it later appears that there is no equity in the property above the creditor's lien, the creditor may renew the motion for abandonment by letter. Attorney Nelson will prepare the order.

2